**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 28, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

FRANK STEVEN WIETECHA, JR.,

    Defendant - Appellant.

No. 18-1384
(D.C. No. 1:18-CR-00074-PAB-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT***
_____

Before **MORITZ**, **KELLY**, and **EID**, Circuit Judges.
_____

This matter is before the court on the government's motion to enforce the

appeal waiver contained in Frank Steven Wietecha, Jr.'s plea agreement.  We grant

defense counsel's motion to withdraw, grant the government's motion to enforce

Wietecha's appeal waiver, and dismiss the appeal.

Wietecha pleaded guilty to possession of child pornography in violation of

18 U.S.C. § 2252A(a)(5)(B) and (b)(2).  The statutory maximum penalty for this

offense is twenty years' imprisonment.  *See* 18 U.S.C. § 2252A(b)(2).  After finding

that the applicable advisory guidelines sentencing range was 130 to 162 months'

_____

    * This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

imprisonment the district court sentenced Wietecha at the bottom of the range to 130 months.

Despite the broad appeal waiver in his plea agreement, Wietecha filed a notice of appeal. The government filed a motion to enforce the appeal waiver under *United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam). In evaluating a motion to enforce, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id*. at 1325.

Wietecha's counsel responded to the government's motion. Citing *Anders v. California*, 386 U.S. 738, 744 (1967), counsel stated that Wietecha has no non-frivolous argument against enforcement of his appeal waiver. Counsel also requested permission to withdraw from representing Wietecha. *See id*. We gave Wietecha an opportunity to file a pro se response to the motion to enforce, but he has not done so.

We have reviewed the proceedings in accordance with our obligation under *Anders*. *See id*. at 744. We conclude the *Hahn* factors have been satisfied, and there is no non-frivolous argument to make against enforcing the appellate waiver. Accordingly, we grant the motion to enforce and dismiss this appeal. We also grant counsel's motion to withdraw.

Entered for the Court
Per Curiam

2